IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSHUA MICHAEL and
EVA MICHAEL,

    Plaintiffs,

v.                                      No. 1:24-cv-01046-JDB-jay

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

_____

ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE DENYING PLAINTIFFS'
MOTION TO COMPEL APPRAISAL
_____

This matter is before the undersigned on a timely-filed appeal by the Plaintiffs, Joshua Michael and Eva Michael, from an order entered by United States Magistrate Judge Jon A. York on May 24, 2024, pursuant to an order of reference, denying their motion to compel an appraisal. (Docket Entry ("D.E.") 30.)  The Defendant, State Farm Fire and Casualty Company ("State Farm"), filed its response on June 25, 2024.  (D.E. 32.)

The Plaintiffs' filing suffers from a fundamental flaw, as they appeal the magistrate judge's report and recommendation.  As noted above, however, he issued an *order*, not a report and recommendation.  This presents more than just a quibble over semantics, as each requires a different standard of review by this Court.

Title 28 U.S.C. § 636 permits a district judge, barring certain exceptions not present here, to designate a magistrate judge "to hear and determine any pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A).  Pretrial nondispositive matters are governed by Rule 72 of the

Federal Rules of Civil Procedure.  Subsection (a) of the rule provides that the "district judge in the case must consider timely objections and modify or set aside any part of [a] [magistrate judge's] order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* LR 72.1(g)(1) ("The presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judge[']s order is clearly erroneous or contrary to law.").  A report and recommendation, on the other hand, is governed by Rule 72(b), upon which Plaintiffs rely here.  That subsection requires the district judge to determine proper objections to a report and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); *see also* LR 72.1(g)(2).  The reviewing judge may "accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* LR 72.1(g)(2).

Because Judge York issued an order, there is no question Rule 72(a) applies.  The standard of review under subsection (a) is a limited one.  *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).  "A factual finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)), *reh'g en banc denied* (Nov. 14, 2019) (brackets omitted).  "[T]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one [the reviewing court] would draw."  *United States v. Reed*, 72 F.4th 174, 190 (6th Cir. 2023).  Instead, "the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one."  *Visteon Global Tech., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp.

2d 521, 524 (E.D. Mich. 2012) (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

A legal conclusion is "contrary to law only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, 683 F. Supp. 3d 645, 651 (E.D. Mich. 2023) (quoting *Bisig*, 940 F.3d at 219) (internal quotation marks omitted), *recons. denied,* 685 F. Supp. 3d 525 (E.D. Mich. 2023). "[T]he critical inquiry is whether there is legal authority that supports the magistrate[ judge]'s conclusion; if so, the magistrate judge did not act contrary to law." *Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-2472, 2020 WL 3086571, at *3 (W.D. Tenn. June 10, 2020) (cleaned up).  "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law."  *Id.* (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)).

"A magistrate judge's pretrial order must be affirmed on appeal unless the order is clearly erroneous or contrary to law."  *Raymond James & Assoc., Inc. v. 50 N. Front St. TN, LLC*, Case No. 2:18-cv-02104-JTF-tmp, 2022 WL 1518668, at *1 (W.D. Tenn. Mar. 21, 2022).  The burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law rests on the shoulders of the party challenging it.  *United States v. Glatz*, No. 3:19-CR-218-TAV-DCP-1, 2021 WL 4943056, at **4-5 (E.D. Tenn. Oct. 22, 2021).

This action involves the alleged breach of an insurance contract on a residential property damaged during a freeze that occurred in December 2022.  State Farm estimated the repair/replacement cost to be $60,166.12, while the Plaintiffs' public adjuster estimated the amount of loss at $492,686.04.  The Plaintiffs' adjuster's estimate included costs to repair the property's roof, siding, exterior masonry, windows, and HVAC system.  Plaintiffs purportedly invoked the

3

insurance policy's mandatory appraisal clause, to which State Farm objected on the grounds that any damage to such areas of the residence as the roof were not *caused* by the freeze and were, therefore, not covered losses under the policy.

Recognizing there is a "fine line" between a dispute over the amount of a loss and one concerning coverage/causation, the magistrate judge, after reviewing the cases cited by the parties, was ultimately persuaded by Defendant's framing of the issue--that is, Plaintiffs, through their adjuster, have identified additional items they argue are covered losses. Thus, he concluded, Plaintiffs had shown only that there is a dispute over whether those additional items are covered, not that there is a dispute over the amount of the loss.

In the instant filing, Plaintiffs, apparently working under the mistaken assumption that this Court is to conduct a de novo review, express their disagreement with Judge York's order, rehashing many of the same arguments presented below. What they do not do, however, is contend that any portion thereof was clearly erroneous or contrary to law. Considering it is their burden to make that showing, this Court cannot find that they have satisfied their burden. The order is AFFIRMED and the Clerk is DIRECTED to terminate D.E. 31.

IT IS SO ORDERED this 28th day of June 2024.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE