IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOSHUA MICHAEL and<br>EVA MICHAEL,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:24-cv-01046-JDB-jay<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
COUNT II OF PLAINTIFFS' AMENDED COMPLAINT

Before the Court is the July 8, 2024, motion of the Defendant, State Farm Fire and Casualty Company ("State Farm"), to dismiss Count II of the Plaintiffs', Joshua Michael and Eva Michael, amended complaint. (Docket Entry ("D.E.") 35). Plaintiffs have responded (D.E. 40) and Defendant replied (D.E. 41). For the following reasons, Defendant's motion is GRANTED.

I.    FACTUAL BACKGROUND

The Plaintiffs are the owners of the premises at 34 Derringer Cove in Jackson, Tennessee.[1] (D.E. 19 at PageID 1327.) State Farm issued an insurance policy to the Plaintiffs covering the property. (*Id.* at PageID 1327–28.) On or about December 24, 2022, water damaged the dwelling, its contents, and other structures located on the premises. (*Id.* at PageID 1329.)

---

[1] The following facts are derived from Plaintiffs' amended complaint (D.E. 19) and are accepted as true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 307 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)) (explaining that when a plaintiff files an amended complaint, the amended complaint is the controlling pleading).

1

Subsequently, Plaintiffs reported the loss to State Farm which assigned to it the Loss Claim Number 42-43L1-12Z. (*Id.*) State Farm then "took certain steps" to provide the Plaintiffs with an estimate of the damages. (*Id.*) The Michaels informed State Farm that the estimate "was insufficient to indemnify Plaintiffs" for the damage to the premises and elected to hire a Public Adjuster, William Griffin. (*Id.* at PageID 1329–30.)

Griffin, on behalf of Plaintiffs, sent a letter and attachments dated September 14, 2023[2] to a State Farm representative. The letter reads as follows:

> Teresa,
>
> We have attached the following for your records as your insureds compliance with the **Section I-Conditions** in the policy, in pertinent part, and as follows:
>
> - Insureds Notice of Representation
> - Insureds written requests for policy and other information due within 15 days.
> - Executed proof of loss and supporting documentation and photographs.
> - **Demand for Appraisal**
>
> Pursuant to the policy language requiring the insureds compliance with its respective Section I – Conditions, I have attached itemized documentation of the specific dispute as to the amount of the loss calculated by your adjusters. The disputed line items are identified by their sequenced numbers as shown under the applicable section titles on each page, and more specifically listed in the Trade Summary section page of the assessment.
>
> Respectfully, I am requesting immediate approval be afforded to the insureds due to the damages being easily observed from the detailed photographs provided by the contractors.
>
> Please provide the information requested by your insureds contained within my Letter of Representation at the earliest possible moment as their contractors have moved on due to no response from State Farm regarding their mitigation charges and attempts to supplement the claim have not been addressed.
>
> Sincerely,
>
> S\ William Griffin

---

[2] In its December 15, 2023, letter, State Farm indicated that the demand for appraisal was made on October 30, 2023 (D.E. 19-3 at PageID 1173); however, both parties have continued to refer to September 14, 2023, as the relevant date for the demand for the appraisal. Therefore, the Court will assume for purposes of the instant motion that the relevant demand date was the earlier date.

(D.E. 19-2 at PageID 917.)  In the demand for appraisal, Plaintiffs named their appraiser and requested that State Farm notify them when it selected its own appraiser, in accordance with the appraisal clause of the insurance policy.  (D.E. 19 at PageID 1331.)  State Farm responded on December 15, 2023, that appraisal was not appropriate[3] because the dispute was solely about the coverage provided by the contract.  (*Id.*; D.E. 19-3 at PageID 1173–75.)  To date, State Farm has not engaged in the appraisal process. (D.E. 19 at PageID 1331–32.)

Plaintiffs initiated this action in the Circuit Court for Madison County, Tennessee on December 21, 2023.  (D.E. 1-2.)  Defendant removed the lawsuit to this Court based on diversity of citizenship on February 27, 2024.  (D.E. 1.)  Plaintiffs have alleged breach of contract and statutory bad faith pursuant to T.C.A. § 56-7-105.  (D.E. 19.)

II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In determining if dismissal is appropriate, the court "must accept the complaint's well-pleaded factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor."  *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true."

---

[3] Plaintiffs stated in the amended complaint that in the December 15 letter, "State Farm agreed to appraisal." (D.E. 19 at PageID 1331.)  However, in the letter—attached as Exhibit C to the amended complaint—State Farm wrote, "[a]ppraisal cannot be used to resolve disputes regarding coverage provided by the contract. Therefore, appraisal would not be appropriate as outlined above; the appraisers and umpire have no authority to decide questions of coverage."  (D.E. 19-3 at PageID 1175.)  As the Sixth Circuit has explained, if "a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998)).  Thus, the Court finds that State Farm did not agree to appraisal in its December 15 response.

*Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive, a complaint "must state a claim to relief that rises 'above the speculative level' and is 'plausible on its face.'" *Luis*, 833 F.3d at 625 (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because it is "context-specific," a court must rely upon its experience and common sense to ascertain whether a claim is plausible. *Creative Bus., Inc. v. Covington Specialty Ins. Co.*, 559 F. Supp. 3d 660, 665 (W.D. Tenn. 2021) (citing *Iqbal*, 556 U.S. at 679). "[I]f it appears beyond doubt that the plaintiff can prove no set of facts . . . that would entitle [them] to relief, . . . dismissal is proper." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 272 (6th Cir. 2016) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 515 (6th Cir. 1999)). Although a court typically should not regard matters outside the pleadings, it "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, [if] they are referred to in the complaint and are central to the claims contained therein." *Gavitt*, 835 F.3d at 640 (citations omitted).

III.   ANALYSIS

State Farm filed this motion seeking dismissal of Count II of Plainitffs' amended complaint, bad faith refusal to pay pursuant to T.C.A. § 56-7-105. The bad faith penalty statute provides, in relevant part:

> The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity

4

 bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

T.C.A. § 56-7-105(a). To succeed on a bad faith claim a plaintiff must prove four elements:

 (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit (unless there was a refusal to pay prior to the expiration of those sixty days), and (4) the refusal to pay must not have been in good faith.

*Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 730 (6th Cir. 2012) *abrogated on other grounds by Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018) (citing *Walker v. Tenn. Farmers Mut. Ins. Co.*, 568 S.W.2d 103, 106 (Tenn. Ct. App. 1977)). State Farm argues that Plaintiffs failed to plead the second element, that a formal demand for payment was made. (D.E. 35-1; D.E. 41.) Specifically, State Farm insists that Plaintiffs' reliance on the September 14 letter as their formal demand for payment is misplaced, because the letter contained a demand for appraisal but no demand for payment. (D.E. 35-1.) In response, Plaintiffs argue that State Farm's motion is premature, requires the Court to consider matters outside the pleadings, and that further discovery would reveal the existence of a formal demand. (D.E. 40.)

 The purpose of the demand requirement in T.C.A. § 56-7-105 "is to provide the insurer notice of the potential bad faith claim." *Heil Co.*, 690 F.3d at 731 (citing *St. Paul Fire & Marine Ins. Co. v. Kirkpatrick*, 164 S.W. 1186, 1190 (1913)). While "an insured's repeated demands for payment—even without an explicit reference to litigation—have been held to satisfy the demand requirement," merely participating in the "normal back and forth of the claims process" does not constitute a demand. *Id.* (citation omitted); *Spring Place Church of God of Prophecy v.*

5

*Brotherhood Mut. Ins. Co.*, No. 1:13-CV-405, 2015 WL 12531988, at *2 (E.D. Tenn. Mar. 16, 2015) (citation omitted). Moreover, because T.C.A. § 56-7-105 is penal in nature, it "must be strictly construed"; implied demands for payment are insufficient. *Halls Hardware, Inc. v. Grange Mut. Ins.*, Case No. 3:16-cv-313, 2017 WL 5069108, at *4 (E.D. Tenn. July 20, 2017) (citations omitted).

A detailed review of the amended complaint and exhibits attached thereto reveals that Plaintiffs failed to plead a bad faith claim. They first argue that the following allegation in paragraph 40 of the amended complaint sufficiently states the claim:

> Defendant's refusal to pay the amounts contractually owed to Plaintiffs is arbitrary and capricious and constitutes bad faith pursuant to T.C.A. § 56-7-105 in that more than sixty (60) days have passed since the formal demand has been made on Defendant and full payment has not been made for the Loss as required pursuant to the Policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

(D.E. 19 at PageID 1335.) However, this argument fails when the amended complaint is read as a whole, as the Court is required to do. *Sturgill v. Am. Red Cross*, 114 F.4th 803, 807–08 (6th Cir. 2024) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 47 (2011) ("[W]e must take care to read the complaint's allegations 'as a whole.'") At every other instance where the Plaintiffs claim a demand was made, they refer to the demand for appraisal in the September 14 letter. To read the allegation in Paragraph 40 as referring to a demand for payment in with this context would be an unreasonable inference. Moreover, the Plaintiffs' reference to Paragraph 42 and its subparagraphs is unavailing. Nowhere do they point to facts that could lead the Court to make a reasonable inference that a formal demand for payment was made and then rejected by State Farm.

Plaintiffs next assert that the request for "immediate approval be afforded to the insureds due to the damages being easily observed from the detailed photographs provided by the

6

contractors" and the statement that their "contractors have moved on due to no response from State Farm regarding their mitigation charges and attempts to supplement the claim have not been addressed" in the September 14 letter indicate that a formal demand was made. (D.E. 40 at PageID 1278–79.) Once again, the Court finds such an inference to be unreasonable. Neither of these statements are the type of factual content that would indicate that State Farm acted in bad faith. For the formal demand requirement to be met, a demand for payment must be made. *Halls Hardware, Inc.*, 2017 WL 5069108, at *4 (citation omitted). The request for immediate approval is unclear and is more akin to the type of back and forth between insureds and insurers that does not constitute a formal demand. *Heil Co.*, 690 F.3d at 731 (citing *Walker*, 568 S.W.2d at 106).

Third, Plaintiffs claim that "discovery will bear out that the demand was made in several different ways on several different occasions." (D.E. 40 at PageID 1278–79.) However, it is Plaintiffs, not State Farm that are in the best position to know whether a formal demand was made; any relevant discovery would come from Plaintiffs themselves. *Orloff v. Westfield Ins. Co.,* No.: 2:20-cv-7-TAV-CRW, 2021 WL 12097068, at *2 (E.D. Tenn. 2021) ("In determining whether plaintiff made a formal demand, any relevant discovery would come from plaintiff himself, who is the primary party with information as to what communication he initiated with defendant."). Accordingly, the Court does not find that further discovery is necessary.

Finally, Plaintiffs point to its submission of a proof of loss as an attachment to the September 14 letter and State Farm's subsequent failure to respond to the proof of loss as evidence of State Farm's bad faith. Like the demand for appraisal, submission of a proof of loss is a standard part of the claims process and is insufficient to constitute a formal demand. *Orloff*, 2021 WL 12097068, at *3 (finding that submission of proof of loss was an activity "insufficient

7

to constitute a formal demand under the statute"); *see also Spring Place Church of God of Prophecy*, 2015 WL 12531988, at *2 ) (citation omitted) ("[M]erely filling out claims forms and participating in the claims process does not satisfy the demand requirement.").

IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss Count II of Plaintiff's amended complaint is GRANTED.

IT IS SO ORDERED this 29th day of October 2024.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE